The STATE of Texas, Appellant,

v.

I. L. FARMER et al., Appellees.

No. 17494.

Court of Civil Appeals of Texas, Dallas.

June 26, 1970.

**180**

Henry Wade, Dist. Atty., Gerald Weatherly, Asst. Dist. Atty., Dallas, for appellant.

CLAUDE WILLIAMS, Justice.

This suit was originally instituted by the State of Texas against Irven L. Farmer, Myrtice A. Farmer and, if deceased, their unknown heirs and legal representatives seeking to recover delinquent ad valorem taxes on real estate located in Dallas County, Texas. It was alleged that the residence of each defendant was unknown. Thereafter the City of Grand Prairie and the Grand Prairie Independent School District intervened to recover delinquent taxes.

As a basis for securing citation by publication upon the defendants, Giles E. Miller, an Assistant District Attorney of Dallas County, filed an affidavit in which he stated, inter alia: "That each of the following defendants in this suit is a nonresident of the State or is absent from the State or is a transient person, or a person whose residence is unknown: Irven L. Farmer, Myrtice A. Farmer." Thereafter citation by publication was duly made in the Daily Commercial Record in Dallas, Texas for the time and in the manner prescribed by statute.

The case came on for trial in the district court and, the defendants not having answered, the trial court proceeded to hear testimony from Giles Miller concerning the facts made the basis of his affidavit to support citation by publication. After hearing such testimony the trial court proceeded to hold that the affidavit supporting citation by publication was insufficient to justify the rendition of a default judgment against defendants. In its judgment the court said, in part:

"* * * it was the opinion of the Court that the facts would sustain an affidavit supporting citation by publication predicated on one of the factual circumstances recited in Rule 109 and that one such predicatory support would negative other factual circumstances delineated in said rule as a support for citation by publication and the Court was of the opinion that an affidavit reciting all of the factual circumstances set forth in Rule 109, either conjunctively or disjunctively, could not possibly be sworn to, since some of them are repugnant to oth-

ers and that in all instances the one making such affidavit would unquestionably have available sufficient information to support an affidavit on one of the delineated grounds and that therefore the affidavit on file herein in support of substituted service, * * * will not support a judgment by default, though it appears to the Court that such service was accomplished in the manner and for the length of time provided by law * * *."

The court thereupon dismissed the suit, without prejudice, and taxed the costs against the State of Texas and the interveners.

The State of Texas, as appellant, seeks reversal of the judgment upon two principal points: (1) that the court erred in holding that the affidavit in support of citation by publication was fatally defective and (2) the error of the court in assessing costs against the taxing authority. We agree with appellant and sustain its points of error.

■ At the outset it must be observed that the trial court was in error in applying Rule 109, Vernon's Texas Rules of Civil Procedure, to the facts of this case. Rule 117a, T.R.C.P., entitled "Citation in Suits for Delinquent Ad Valorem Taxes," is the applicable rule since this is a suit for collection of delinquent ad valorem taxes on real property. 54 Tex.Jur.2d, Taxation, § 167, pp. 378–379. Section 3 of Rule 117a, T.R.C.P., has specific reference to the nature of the affidavit which must be filed as a prerequisite for the issuance of service by publication. This statute says:

"Where any defendant in a tax suit is a nonresident of the State, or is absent from the State, or is a transient person, or the name or the residence of any owner of any interest in any property upon which a tax lien is sought to be foreclosed, is unknown to the attorney requesting the issuance of process of filing the suit for the taxing unit, and such attorney shall make affidavit that such

defendant is a nonresident of the State, or is absent from the State, or is a transient person, or that the name or residence of such owner is unknown and cannot be ascertained after diligent inquiry, each such person in every such class above mentioned, together with any and all other persons, including adverse claimants, owning or claiming or having any legal or equitable interest in or lien upon such property, may be cited by publication."

The rule specifically provides that: "All defendants of the classes enumerated above may be joined in the same citation by publication."

■ The language of the rule is quite plain that the various statements concerning status of parties may be set forth in the disjunctive. An examination of the affidavit prepared by Assistant District Attorney Miller reveals that it is couched in the identical language of the statute. The fact that he utilizes the disjunctive "or" between the various allegations concerning residence or whereabouts of the defendants does not render the affidavit invalid or contradictory.

■ The statement of the general rule applicable in determining the question of legality of the affidavit is found in 72 C. J.S. Process § 64, p. 1083:

"Where the grounds for service of process by publication are stated disjunctively in the statute providing for such service, it is necessary and sufficient for the affidavit to state any one of these causes or the affidavit may state two or more of such statutory causes for publication in the disjunctive; * * *."

While we have been cited to no Texas cases, and have found none in our own research, we think the decisions from other states support this rule. In the case of Jefferson County Lumber Co. v. Robinson, 121 S.W.2d 209 (St.Louis Ct. of App., Mo. 1938), the question of the sufficiency of the affidavit was directly presented. There, the Missouri statute, as the Texas

rule here, provided for statements in the disjunctive. The court, in upholding the affidavit, said:

"It will be observed that the affidavit filed in this case follows the statute literally. It does not allege that the defendant is a non-resident of this state and has absented himself from his usual place of abode in this state. It alleges that defendant is a non-resident of this state or has absented himself from his usual place of abode in this state. There is a wide difference between the two allegations. The one is to the effect that the defendant is a non-resident of this state while at the same time having a usual place of abode in this state. The other is to the effect that he is either a non-resident of this state, or, if not a non-resident, has absented himself from his usual place of abode in this state. If either of these alternatives is true, and the affiant says that one or the other is true, service by publication is authorized. We believe the statute properly construed intends that just such an affidavit may be made. We recognize the familiar rule that the statute must be strictly complied with, but this does not mean the statute is to be so construed as to make compliance impossible. In many, perhaps in most, cases the plaintiff does not know and maybe cannot know whether the defendant has become a non-resident or has merely absented himself from his usual place of abode in this state, but he does know that one or the other of these alternatives is true. Shall he stultify himself by swearing that the one is true when he does not know and cannot know which one is true, or, through no fault of his but through the conduct of the defendant, suffer the injustice of being denied service by implication at all? To so construe the statute would defeat the purpose for which it was enacted."

To the same effect see Bickerdike v. Allen, 157 Ill. 95, 41 N.E. 740, 29 L.R.A. 782 (1895).

 As to appellant's complaint against the action of the court in assessing costs against the taxing authority, Art. 7333, Vernon's Ann.Civ.St. of Texas, expressly provides that as to costs in such cases "in no case shall the State or county be liable therefor." See also State v. Moak, 146 Tex. 322, 207 S.W.2d 894 (1948).

The judgment of the trial court is reversed and remanded.

Reversed and remanded.