The STATE of Texas, Appellant,

v.

W. H. HAGERTY et al., Appellees.

No. 17840.

Court of Civil Appeals of Texas, Dallas.

April 13, 1972.

Rehearing Denied April 27, 1972.

**730**

Henry Wade, Dist. Atty., Gerald Weatherly, Asst. Dist. Atty., Dallas, for appellant.

Richard Owens, Owens & Fortney, Fort Worth, for appellees.

CLAUDE WILLIAMS, Chief Justice.

The State of Texas sued Geneva Hagerty, individually and as community survivor of W. H. Hagerty, deceased, to recover the sum of $98.09 alleged to be delinquent ad valorem state and county taxes for the year 1942 on certain real property owned by defendants. Geneva Hagerty answered that she and her husband purchased the subject property in 1948 and that prior to such purchase the County Tax Collector of Dallas County had issued to their agent a tax statement and certificate showing all taxes on the property to be paid through the year 1947. She alleged that such tax certificate constituted a bar to any collection of taxes alleged to be due for the year 1942.

Both parties filed motions for summary judgment. The trial court sustained the motion of Geneva Hagerty and denied the motion of the State of Texas. Judgment was rendered denying the State any recovery.

The State brings this appeal contending primarily that the certificate relied upon by appellee was not such a certificate as would constitute a bar to the recovery of taxes due on the subject property.

It is undisputed that on August 1, 1948 Ben F. Gentle, Assessor and Collector of Taxes of Dallas County, delivered to an agent for appellees a written instrument bearing the caption "Delinquent Tax Statement". Then follows a description of the subject property and a line drawn through the years 1921 to 1944, inclusive. Following the year 1947 are the words "Paid $19.72". Following the words "Total Due" appears a blank line without any figures. Immediately after this we find the following:

"This is to certify that I have made diligent search of the tax records of this office and there appears therefrom no delinquent State and County taxes unpaid upon the above described property, except for the years shown. This statement is made for the purpose of showing the condition of taxes on this date and is not to be construed as a receipt, or to be binding as to such taxes.

BEN F. GENTLE,
Assessor and Collector of Taxes

By Higgins, Deputy."

At the time of the issuance of this statement there was in force and effect Article 7258a, Vernon's Tex.Rev.Civ.Stat.Ann., which provided as follows:

"On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 popu-

lation or more according to the last preceding federal census, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate * * *. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same.

\*      \*      \*      \*      \*      \*

"Section 2. If any such certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate. Acts 1929, 41st Leg. 2nd C.S. p. 153, ch. 77."

In 1953 the legislature amended Section 1 of the Act quoted above to eliminate the population provision and also to provide for the payment of a $1.00 fee for the issuance of such certificate. The amendment also provided that the provisions of the Act shall be applicable only in suits where the State of Texas or any political subdivision thereof sues for unpaid taxes.

In 1969 the legislature expressly repealed Article 7258a and enacted Article 7258b which carries forward, in large measure, the same provisions as the old statute and allows a fee of $2.00 for the issuance of the certificate issued by the tax collector.

The State of Texas made no contention in the trial court that Article 7258a, V.A.C.S., was unconstitutional. Neither does the State advance such contention in this court. Instead, it takes the position that the instrument relied upon by appellee as being a bar to the collection of taxes on the subject property is not such a certificate as was contemplated by the terms of Article 7258a, V.A.C.S. In this regard the State points to the language of the instrument wherein the tax official states that: "This statement * * * is not to be construed as a receipt, or to be binding as to such taxes," as supporting its contention that such instrument was not of the kind and character contemplated by the statute.

■ A careful analysis of the language utilized in the statement issued by the tax official, and upon which the appellee relied, convinces us that it is such a certificate as is contemplated by the terms and provisions of the applicable statute in force at the time the statement was delivered. The statute refers to a "certificate" showing the amount of taxes, interests, penalty and costs due, if any, on the property described in said certificate and that when such certificate so issued shows all taxes, interests, penalty and costs on the property described to be paid then same shall constitute conclusive proof for the payment in full of all taxes, interests, penalty and costs covered by the certificate. While the instrument delivered by the tax official to the appellee and her husband in 1948 is headed "Delinquent Tax Statement" it contains therein the necessary and essential ingredients of a "certificate" authorized by the statute. As defined in Black's Law Dictionary a "certificate" is:

" * * * a statement written and signed, but not necessarily or customarily

sworn to, which is by law made evidence of the truth of the facts stated for all or for certain purposes."

The statement is signed by a public official and in same he states that he has made a diligent search of the tax records of his office and, based thereon, he finds no delinquent state or county taxes unpaid upon the described property.

A somewhat similar tax certificate issued by the Tax Assessor of Harris County in 1931 was considered by the Fifth Circuit Court of Appeals in Amerada Petroleum Corp. v. 1010.61 Acres of Land, Etc., 146 F.2d 99 (1944). The certificate in that case recited that the tax rolls of Harris County showed no taxes unpaid against the subject property to and including the year 1934. Following the signature of the tax assessor appeared the following: "E. & O. E. (For 1929 to 1934, inc.)", meaning "errors and omissions excepted". The United States Circuit Court of Appeals held that the certificate complied with Article 7258a, V.A.C.S. The court, speaking through Judge Hutcheson, used the following language to illustrate the purpose of the statute:

"When the purpose of the statute in question here, to protect innocent purchasers against secret liens, is considered in the light of its strong terms, completely avoiding all collusive or fraudulent certificates and making the collectors liable on their bonds for losses resulting from their collusive, fraudulent, or negligent issuance, it is quite plain that the Legislature did not intend to release or extinguish, the act does not have the effect of releasing, taxes. It represents merely an exercise by the Legislature of its broad powers of protecting persons against secret and undisclosed tax claims. Appellant bought the land on the faith of the certificate. It is entitled to abide in that faith and to hold the property and its proceeds free of the then denied, the now claimed, lien."

In International Paper Co. v. State, 380 S.W.2d 18 (Tex.Civ.App., Texarkana 1964, writ ref'd n. r. e.), the court had under consideration certificates issued by the tax authorities under both the original and the amended act. The court upheld the validity of the certificate as being in compliance with the statute, using the following language:

"The certificate shows that all taxes, penalty, interest and costs on the land through the year 1958 had been paid. The Paper Company secured the certificate for one and only one purpose: 'To certify that all taxes, penalty, interest and costs had been paid prior to the purchase of the property'. The certificate was admissible in evidence, and according to the statute, it was conclusive proof of the payment in full of all taxes, penalty and costs covered by the same."

The certificate issued by the tax officer in this case appears to be in substantial compliance with the statute and therefore constitutes a complete bar to the State's case. 84 C.J.S. Taxation § 625, p. 1249. The statement in the certificate to the effect that the same does not constitute a receipt is immaterial to the issue here presented. Also the conclusory statement on the part of the collector that the same is not binding as to the taxes cannot have the effect of negating the express terms and provisions of the statute itself.

The State also argues that the taxing authority cannot be estopped from collecting the taxes due because of the certificate issued. It relies upon City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308 (1936); Republic Insurance Co. v. Highland Park Ind. School Dist., 141 Tex. 224, 171 S.W.2d 342 (1943); Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74 (1946); and City of Hutchins v. Prasifka, 450 S. W.2d 829 (Tex.Sup.1970). The question of estoppel, as such, was not raised in the trial court.

In *Deutsch* the court specifically dealt with an unauthorized act on the part of the tax assessor and collector holding that same would not, as a general rule, constitute an estoppel. The court specifically pointed out that it was not dealing with a case involving a certificate under Article 7258a. The remaining authorities relied upon by the State are likewise not controlling here.

■ We are not here dealing with the equitable doctrine of estoppel as ordinarily applied. The statute itself specifically provides for a legal bar to the state's right to recover. While a sovereign state is not subject to an estoppel in the same manner and to the same extent as an individual or private corporation yet a state may be barred by an act of the legislature in a matter not involving a constitutional question and where the legislature possesses the sole power to bind it in the transaction in which an estoppel is alleged to arise. 28 Am.Jur.2d, "Estoppel and Waiver," § 123, p. 785.

Appellant's points are overruled.

■ We do sustain appellant's contention to the effect that the trial court erred in assessing the cost of suit against the State of Texas. Article 7333, V.A.C.S., expressly provides that as to cost in such cases "in no case shall the State or county be liable therefor." State v. Moak, 146 Tex. 322, 207 S.W.2d 894 (1948); City of Houston v. McCarthy, 371 S.W.2d 587 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.); and State v. Farmer, 457 S.W.2d 179 (Tex.Civ.App., Dallas 1970).

The judgment of the trial court is modified to the extent that the provision contained therein assessing costs against the State is deleted. With this exception the judgment of the trial court is affirmed.

The judgment of the trial court is modified, and as modified, affirmed.