**STATE of Texas, Appellant,**

v.

**GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellee.**

**No. 5992.**

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1978.
Rehearing Denied Jan. 18, 1979.

Henry M. Wade, Dist. Atty., Charles Bowling, Jr., Giles E. Miller, Asst. Dist. Attys., Dallas, for appellant.

Raymond L. Tollett, Jr., Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a suit to collect delinquent ad valorem taxes on personal property. Plaintiff-Appellant State of Texas brought this suit in County Court at Law No. One of Dallas County against two Defendants, to wit, General American Life Insurance Company of St. Louis, Missouri, and Associates Capital Company, Inc. (formerly doing business as "Spanish Garden Apartments") for the collection of the 1975 ad valorem taxes assessed on certain personal property (appliances) located in an apartment complex known as "Spanish Garden Apartments," at Irving, Texas, in Dallas County. Said delinquent taxes sued for were alleged to be in the net amount of $243.80 plus penalty and interest, and said taxes, penalty, and interest sued for were alleged to be altogether, "$400.00 more or less."

The State of Texas alleged that it was bringing this suit "in behalf of itself and for the use and benefit of Dallas County and all other political subdivisions whose taxes are collected by the Assessor and Collector of taxes of said County." The record before us does not show what political subdivisions, if any, have their taxes collected by Dallas County; therefore, for the purposes of this appeal we must assume that the only plaintiff in this suit was the State of Texas acting in behalf of itself and for Dallas County only.

Plaintiff State alleged in effect that on January 1, 1975, Plaintiff assessed taxes on personal property of Spanish Garden Apartments in Irving, Texas, consisting of appliances and other personalty; that thereafter on July 1, 1976, said taxes went upon the delinquent tax roll; that on or about October 3, 1975, Defendant Associates had become delinquent in its note payments to Defendant General American, whereupon General American foreclosed title to Spanish Garden Apartments out of Associates, including the personal property assessed

upon in question. Plaintiff prayed for judgment against Defendants for the $243.80, plus penalty, interest, and costs of suit; Plaintiff further asserts that it has a lien on the foreclosed personal property, title to which personalty went into Defendant General American; then Plaintiff further alleges "any eventual tax foreclosure is contemplated upon only so much of the total property as is sufficient to satisfy the debt which is likely to approximate some $400.00, more or less, well within the jurisdiction of this Court."

Plaintiff's prayer reads as follows:

"Wherefore, this Plaintiff prays for judgment for the total amount of said taxes, together with all penalties, interests, costs and other charges or expenses, including additional taxes, that (it) may be or become entitled to under the law and facts."

The Defendants countered by contending that the county court had no jurisdiction over the case, because the value of the personal property assessed for the taxes in question exceeded the jurisdictional limit of the county court. Defendants deny that Plaintiff has any lien on the personalty in question, but contend that if Plaintiff does have such a lien, that under Article 7269, Vernon's Texas Civil Statutes, it applies to all the personalty; that where the suit is for foreclosure upon personalty, the value of the personalty foreclosed upon determines the jurisdiction of the county court. There is no showing in the pleadings of either Plaintiff or Defendants what the value of the personalty in question amounted to; however, in a letter written by the trial court to counsel for both sides (which letter is contained in the transcript), the court states that the personal property in question "was on the tax rolls at $10,740.00 . . . ." No party herein disputes said amount.

The trial court without hearing evidence determined that Plaintiff's cause of action should be dismissed for want of jurisdiction, and entered its order dismissing Plaintiff's cause of action without prejudice, at Plaintiff's cost, from which order Plaintiff-Appellant State of Texas appeals. Appellant has filed a brief; however, the Appellees have filed no brief.

Appellant State asserts error of the trial court in two respects: (1) in dismissing the cause for want of jurisdiction, and (2) in taxing the court costs against Appellant. We sustain both of Appellant's points of error, and accordingly reverse and remand the cause for reinstatement of said cause upon the trial court's docket for trial on the merits.

■ Since this is a suit for $243.80 worth of net taxes plus penalty, and interest, the aggregate of which is alleged to be "$400.00 more or less," and is for taxes assessed against personal property, we are of the opinion and hold that the county court had jurisdiction.

Article 8, Section 15 of the Texas Constitution provides:

"The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

■ It is well settled that the State and County have no lien upon personal property for taxes due by the owner until the same has been seized or levied upon. *Cassidy Southwestern Commission Co. v. Duval County* (Comm.App.1928) 3 S.W.2d 416, 418, judgment approved; *Maro Co., Inc. v. State* (Amarillo CA 1943) 168 S.W.2d 510, 512, writ refused; *In Re Brannon* (5th Cir. 1933) 62 F.2d 959, 962; *International Harvester Co. v. Smith* (San Antonio CA 1936) 91 S.W.2d 827, 831, writ dismissed; *City of Alice et al v. Bowers-Wright Funeral Home* (San Antonio CA 1962) 362 S.W.2d 888, 890, no writ. Also see 54 Tex.Jur.2d, "Taxation," pars. 142, 143, pp. 338 et seq.; par. 157, page 364.

Article 7266, Vernon's Texas Civil Statutes, in its pertinent parts provides:

"If any person shall fail or refuse to pay the taxes imposed upon him or his property by law, until the first day of January next succeeding the return of the assessment roll of the county to the Comptroller, the tax collector shall, by virtue of his tax roll, seize and levy upon and sell so much personal property belonging to such person as may be sufficient to pay his taxes, together with all costs accruing thereon; . . . ."

█ In the case at bar, there is no showing by pleading or otherwise in the record that there has been any seizure or levy upon the personal property in question; therefore, we are of the opinion and hold that the State of Texas and Dallas County at no time material to this controversy had a lien on said personalty. This being so, the jurisdiction of the court is determined by the amount of the debt which is well within the jurisdiction of the county court.

However, Appellant State of Texas asserts it has a lien on the personal property in question by virtue of Article 7269, which in its pertinent parts reads:

"In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachment or otherwise, . . . , and the taxes assessed against such person or property . . remain unpaid in part or in whole, the amount of such unpaid taxes shall be a first lien upon all such property; . . . . Such unpaid taxes shall be paid by the assignee when said property has been seized by the sheriff, out of the proceeds of sale in case such property has been seized under attachment or other writ, . . . ; and, if said taxes shall not be paid, all said property may be levied on by the tax collector and sold for such taxes in whomsoever's hands it may be found."

As we understand it, Appellant State of Texas contends that this case falls under that certain provision of Article 7269 wherein the taxpayer's "property is levied upon by his creditors, by writs of attachment or otherwise," in which event the unpaid taxes would be a lien upon "all such property." The State asserts a lien in this manner in behalf of itself and the County; however, Appellant says that the county court still has jurisdiction in that Appellant seeks only to foreclose upon only so much of the personalty to pay the debt, as opposed to foreclosing upon all the personalty in question. We do not agree.

█ According to the pleadings before us, Defendant American General as a creditor did not levy upon the property of Defendant Associates as original owner, "by writ of attachment or otherwise," but on the contrary American General merely foreclosed their security agreement against Associates and bought the property in at the public sale. Therefore, we are of the opinion and hold that Article 7269 has no application to the case at bar. Under our view of the case, since the State and county have no lien on the personalty in question, this suit for taxes, penalty and interest is in the nature of a suit for debt, all of which is in the amount of approximately $400.00, which is an amount in controversy well within the jurisdiction of the County Court at Law Number One of Dallas County, Texas. For these reasons, we believe the trial court had jurisdiction over the cause and erred in dismissing Appellant's cause of action.

█ Appellant's second point of error complains that the trial court erred in taxing the costs against Appellant. We sustain this contention, since it is well settled that the State and County are not liable for the costs in a suit for collection of delinquent taxes. Articles 7297, 7333, V.T.C.S. Article 7333 expressly provides that as to cost in such cases, "in no case shall the State or county be liable therefor." *State v. Moak* (Tex.1948) 146 Tex. 322, 207 S.W.2d 894, 897; also see *State v. Farmer* (Dallas CA 1970) 457 S.W.2d 179, 182, no writ; *State v. Hagerty* (Dallas CA 1972) 479 S.W.2d 729, 733, no writ.

For the reasons herein stated, we reverse and remand the cause for reinstatement on the trial court's docket for trial on the merits.

REVERSED AND REMANDED.