**Phillip Douglas HOBBS, Appellant,**

v.

**Pamela Joyce HOBBS, Appellee.**

No. 05–84–00565–CV.

Court of Appeals of Texas, Dallas.

May 1, 1985.

Rehearing Denied May 29, 1985.

Phillip Douglas Hobbs, pro se.

John O. MacAyeal, Mesquite, for appellee.

Before STEPHENS, VANCE and DEVANY, JJ.

DEVANY, Justice.

Phillip Douglas Hobbs contends that the trial court erred when, pursuant to TEX.R. CIV.P. 165a, it dismissed his cross-petition for divorce because he failed to appear for trial, either in person or by counsel. We disagree and affirm the trial court's judgment granting Pamela Joyce Hobbs' petition for divorce.

■ The husband asserts that his cross-petition should not have been dismissed because he did not receive notice that the trial had been scheduled for April 16, 1984. However, in a pleading filed more than one month before trial, appellant stated that his wife "caused to be delivered by regular mails [sic], a [n]otice that trial has been set ... for the sixteenth ... day of April, 1984." This pleading is a judicial admission that he received notice of the trial setting and precludes him from now contending that he received no notice. *Kirk v.*

*Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (1941).

■ The husband next argues that dismissing his cross-petition was improper because the trial court did not notify him of its intent to dismiss. This argument is without merit because rule 165a does not require the trial court to give notice when it dismisses an action because the party failed to appear, either in person or by counsel, at trial. *Essex International Ltd. v. Wood,* 646 S.W.2d 322, 324 (Tex.App.— Dallas 1983, no writ).

■ Further, the husband contends that the trial court abused its discretion in dismissing his cross-petition because it knew he was indigent and incarcerated in a Florida prison. He argues that, in light of the fact that he represented himself while in prison, he prosecuted his cross-action diligently. Undoubtedly, it was impossible for appellant to personally appear at the trial. However, the husband had the burden either to appear or to request that the case be continued until a later date. Nothing in the record suggests that he filed such motion. "Having taken on the role of a litigant pro se, ... appellant made himself liable to statutory requirements imposed on all litigants to proceed with due diligence." *Johnson v. McLean,* 630 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1982, no writ). Since the husband did not complain of his inability to appear either in person or through counsel on the date his case was set for trial, nothing is presented for review. The husband may not assign as error matters of which he did not complain in the court below. *Greater Fort Worth & Tarrant County Community Action Agency v. Mims,* 627 S.W.2d 149, 150 (Tex.1982); TEX.R.CIV.P. 324. Accordingly, the husband's first point of error is overruled.

■ In his second point of error, appellant presents no legal complaint, but rather contends that the circumstances surrounding his divorce and incarceration were a "mockery of justice." Because nothing in the record supports these allegations, we

must overrule this point of error. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961); *DeGroot v. Hall,* 526 S.W.2d 696, 698 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.).

The trial court's judgment is affirmed.