William **REINMILLER**, Appellant,

v.

**COUNTY OF DALLAS et al, Appellees.**

No. 11–05–00267–CV.

Court of Appeals of Texas, Eastland.

Nov. 30, 2006.

Rodney R. Elkins, Dale L. Rose, Rodney R. Elkins & Co., Dallas, for appellant.

Pamela Pope Johnson, Edward Lopez, Jr., Linebarger, Goggan, Blair & Sampson, L.L.P., Dallas, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

The County of Dallas, on its own behalf and on behalf of other political subdivisions whose taxes are collected by the Dallas County Tax Collector, filed suit against William Reinmiller for delinquent property taxes on two pieces of property.[1] After a hearing, the trial court found in favor of the taxing entities and ordered Reinmiller to pay the delinquent taxes for each piece of property along with penalties and interest. We modify the judgment and affirm the judgment as modified.

In his first issue on appeal, Reinmiller argues that the evidence is legally and factually insufficient to support the judgment. When the trial court acts as a factfinder, its findings are reviewed under legal and factual sufficiency standards. *In re Doe,* 19 S.W.3d 249, 253 (Tex.2000). The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *City of Keller v. Wilson,* 168 S.W.3d 802, 819–21 (Tex.2005); *Nat'l Freight Inc., v. Snyder,* 191 S.W.3d 416, 425 (Tex.App.-Eastland 2006, no pet.). In analyzing a legal sufficiency issue, we must consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. *City of Keller v. Wilson,* 168 S.W.3d at 821–22. The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827–28. We may sustain a no-evidence challenge only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital

fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. In determining the factual sufficiency of the evidence, we consider and weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Reinmiller specifically argues that the tax collector's exhibits were legally and factually insufficient to support the trial court's judgment. Reinmiller contends that the exhibits "do not constitute *prima facie* evidence of delinquent tax, penalties, and interest" and that the exhibits are "vague, uncertain, and indefinite."

■ TEX. TAX CODE ANN. § 33.47(a) (Vernon 2001) provides:

In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

The tax collector's exhibits were certified copies showing the amount of tax and penalties imposed and the interest accrued for each of the properties. The exhibits were prima facie evidence of the delinquent tax-

---

1. David Barnett was also named as a defendant in the suit. Barnett is not a party to this appeal.

es, penalties, and interest due on each of the properties. *See Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982); *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex.App.-Tyler 2000, pet. denied). After the taxing authority makes its prima facie case by introducing the tax records required by Section 33.47(a), the burden then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case. *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. School Dist.*, 150 S.W.3d 901, 906 (Tex.App.-Dallas 2004, no pet.).

Reinmiller testified concerning his payments on the delinquent accounts. Reinmiller stated that he paid the most delinquent taxes first. Reinmiller said that he directed the tax collector to apply his payment to the "base tax" first; and then, after he paid the "base tax," he would pay the penalty and interest. Reinmiller argues that his testimony rebuts the presumption in favor of the tax collector and causes the presumption to disappear.

When a taxing authority's prima facie case is rebutted, although the presumption disappears, the evidence originally offered into evidence is still considered in a legal sufficiency analysis. *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. School Dist.*, 150 S.W.3d at 906; *D & M Vacuum Serv., Inc. v. Zavala County Appraisal Dist.*, 812 S.W.2d 435, 438 (Tex.App.-San Antonio 1991, no writ). Along with the exhibits showing the amount of tax, penalties, and interest Reinmiller owed, the tax collector also introduced an exhibit containing a collections report indicating how Reinmiller's previous payments were applied to his account. Emmett Frier, the collections manager for the Dallas County Tax Office, explained the policies and procedures for applying payments to delinquent accounts. Frier stated that penal-

ties and interest begin to accrue when an account becomes delinquent and that the percentage of penalty and interest increases as the account remains delinquent. When the taxpayer makes a payment, the penalty and interest is subtracted from the total payment, and the base tax is reduced accordingly. The penalty and interest would then continue to accrue on the unpaid balance. Frier stated that a taxpayer cannot direct that a payment only be applied to the base tax. The evidence is both legally and factually sufficient to support the trial court's judgment. Reinmiller's first issue on appeal is overruled.

In his second issue on appeal, Reinmiller argues that the trial court erred "by disregarding two legal doctrines." Reinmiller's argument concerns his effort to direct the tax collector to apply his payments to the "base tax" before any payment was applied to penalties and interest. Reinmiller contends that the debtor has the right to direct the application of his payments and that the doctrine of accord and satisfaction applies because the tax collector accepted his payments with the designation for application.

Reinmiller cites *City of Houston v. First City*, 827 S.W.2d 462 (Tex.App.-Houston [1st Dist.] 1992, writ denied), as authority. In *City of Houston v. First City*, the court held that there was an accord and satisfaction when the taxing authority cashed the checks of the taxpayer with the designation for application of payment. *City of Houston v. First City*, 827 S.W.2d at 472–73. After the holding in *City of Houston v. First City*, the legislature enacted TEX. TAX CODE § 31.073 (1993), which at the time of trial, stated:

A restriction or condition placed on a check in payment of taxes by the maker that limits the amount of taxes owed to an amount less than that stated in the

tax bill is void unless the restriction or condition is authorized by this code.[2]

Reinmiller testified that he wanted to pay the "base tax" first to "stabilize the interest" and to prevent the interest from increasing. Section 31.073 does not allow a taxpayer to limit his tax liability by directing the application of payments. Reinmiller's second issue on appeal is overruled.

In his third issue on appeal, Reinmiller argues that the trial court erred in rendering judgment against him for abstractor's fees in the amount of $325. The tax collector agrees that the trial court erroneously entered the $325 judgment for abstractor's fees. Reinmiller's third issue on appeal is sustained. We modify the judgment to delete the award of $325 in abstractor's fees. TEX.R.APP. P. 43.2(b).

The judgment, as modified, is affirmed.

---

**2.** Section 31.073 was amended effective September 1, 2005.