

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00444-CV

PAUL EDWARD HUDSON, APPELLANT

V.

DALLAS COUNTY, ET AL., APPELLEES

On Appeal from the 193rd District Court
Dallas County, Texas
Trial Court No. TX-13-31309, Honorable M. Kent Sims, Presiding

October 14, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Paul Edward Hudson, appearing *pro se,* appeals the trial court's judgment ordering the recovery of delinquent property taxes by appellees Dallas County, City of Dallas, Dallas Independent School District, Dallas County Community College District, Dallas County School Equalization Fund, and Parkland Hospital District (collectively "the taxing units"). The judgment further ordered the sale of the taxed property to satisfy the judgment amount. Hudson presents two issues on appeal. Finding no merit to either, we will affirm the judgment of the trial court.

Background

The taxing units sued Hudson d/b/a Old School Night Club a/k/a Old School Club for delinquent personal property taxes for tax years 2009 through 2013. Trial was to the bench with Hudson appearing *pro se*. The taxing units offered, and the court received into evidence without objection, certified copies of a delinquent tax statement showing a total tax due for the relevant period of $4,453.49 and an assumed name certificate stating that Paul Hudson was the sole proprietor of the Dallas County business known as Old School Night Club. The latter instrument was filed with the Dallas County Clerk on August 24, 2005. The taxing units rested without offering additional evidence. Hudson presented no evidence. The trial court rendered judgment for the taxing units and this appeal followed.

Analysis

In his first issue, Hudson argues the appraised value of the personal property for which taxes are due was not $17,850, as stated in the taxing units' delinquent tax statement and the court's judgment, but $3,243.

Section 33.47(a) of the Texas Tax Code provides in relevant part:

In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a) (West 2008). On introduction of certified copies of the delinquent tax record, the taxing units established a prima facie case. *Johnson v. Dallas County,* No. 05-12-01046-CV, 2014 Tex. App. LEXIS 2540, at *4 (Tex. App.—Dallas Mar. 5, 2014, pet. denied) (mem. op.) (citing *Phifer v. Nacogdoches County Cent. Appraisal Dist.,* 45 S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied)) (finding once taxing units introduced certified copies of the delinquent tax record, they established a prima facie case for every material fact necessary to establish their cause of action). The burden then shifted to Hudson to produce competent evidence that he had paid the full amount of taxes, penalties, and interest or that some other defense applied to the case. *See Reinmiller v. Cnty. of Dallas,* 212 S.W.3d 835, 837 (Tex. App.—Eastland 2006, pet. denied) (noting shifting burden); *Johnson,* 2014 Tex. App. LEXIS 2540, at *5 (citing *Escamilla v. City of Laredo,* 9 S.W.3d 416, 421 (Tex. App.—San Antonio 1999, pet. denied)). Hudson offered no evidence, thus the taxing units were entitled to judgment. *See Estates of Elkins v. Cnty. of Dallas,* 146 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.) ("Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment"). Hudson's first issue is overruled.

Hudson also asserts the personal property does not belong to Old School Night Club but belongs to Brooks Lovejoy who, he states, is the owner of the real property. It is unclear that, by these assertions of fact contained in his brief, Hudson intends to raise an appellate issue. Hudson might have been able to raise, as a defense to his personal liability for the tax, the contention he did not own the personal property on January 1 of the year for which the tax was imposed. TEX. TAX CODE ANN. § 42.09(b)(1) (West 2008);

*see Northwest Tex. Conference v. Happy Indep. Sch. Dist.,* 839 S.W.2d 140, 142-43 (Tex. App.—Amarillo 1992, no writ) (applying § 42.09(b)).   But the record before us contains no indication such a defense was asserted in the trial court, or any evidence to support such a defense.   To any extent Hudson intends to assert a second issue regarding ownership of the property, it is overruled.

## Conclusion

Having overruled each of Hudson's issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice