**Opinion filed December 14, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00059-CV

_____

### VICTOR DEWAYNE WHITE, Appellant

### V.

### ECTOR COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. CC-10,128-T**

## M E M O R A N D U M   O P I N I O N

Ector County Appraisal District sued Victor Dewayne White for the recovery of delinquent ad valorem taxes. The trial court found that White was delinquent in the payment of property taxes in the amount of $1,634.31 and authorized Ector County Appraisal District to foreclose on the property. On appeal, White requests that this court grant his "Writ of Quo Warranto," vacate the judgment, and vacate what he describes as a "void" judgment. We affirm.

I. *Background Facts and Procedural History*

The Appraisal District alleged that White had failed to pay his property taxes on certain real property in Ector County and filed suit. The Ector County Sherriff's Department completed service of the citation and petition on White, who was incarcerated in the Ector County Detention Center. Although White never filed an answer in the suit, he filed a motion to dismiss the case. The Appraisal District amended its petition and moved the trial court to set a tax hearing; the Appraisal District served the motion on all parties and counsel that had appeared. White acknowledged in his appellate brief that he received notice of the tax hearing. The trial court set the tax hearing for January 23, 2017. On that date, the Appraisal District appeared with counsel and announced ready, while White, who was not represented by counsel, did not appear. White also had not requested to appear by other means.

After the Appraisal District adduced evidence of the delinquent taxes that White owed for his property, as shown in certified copies of tax records, it moved for the admission of that evidence, which the trial court admitted. White presented no evidence in response to the Appraisal District's evidence. At the conclusion of the hearing, the trial court entered judgment in favor of the Appraisal District.

II. *Issues Presented*

White asserts multiple complaints in his "Writ of Quo Warranto," which this court accepted as his brief in this appeal. White also filed a reply brief in response to the Appraisal District's brief. Because of the multiplicity of complaints, we do not recite them here but, instead, address them in our analysis below.

III. *Standard of Review*

In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.— Houston [1st Dist.] 1992, writ denied). When neither party requests findings of fact

2

and conclusions of law following a nonjury trial, all fact findings necessary to support the trial court's judgment are implied. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) (citing *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003)). When, however, as in this cause, a reporter's record is filed, the trial court's implied findings are not conclusive and may be challenged for legal and factual sufficiency. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We conduct any review of sufficiency challenges to implied findings under the same standards of review that govern sufficiency challenges to jury findings or a trial court's findings of fact. *Jistel v. Tiffany Trail Owners Ass'n, Inc.*, 215 S.W.3d 474, 479 (Tex. App.—Eastland 2006, no pet.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)). In the absence of findings, we will affirm the judgment of the trial court if it can be upheld on any available legal theory that finds support in the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987).

IV.   *Analysis*

A. *White has asserted complaints on appeal that either were not preserved or have been waived.*

White asserts many complaints that are unrelated to his appeal of a delinquent tax case. White first argues that this court should grant his "Writ of Quo Warranto" because of alleged bad acts by several county employees. White also complains of alleged fraudulent acts by a now-deceased justice of the peace. Quo warranto proceedings provide the exclusive means by which the public may protect itself from unlawful occupancy of a public office. *Norville v. Parnell*, 118 S.W.3d 503, 505 (Tex. App.—Dallas 2003, pet. denied). However, White's appeal arises out of a suit over his failure to pay property taxes. None of his complaints in his brief about alleged county employees' actions and a deceased justice of the peace were before the trial court, nor was his quo warranto claim before the trial court. A judgment

must be based upon pleadings, and as the Texas Supreme Court has stated, "[A] plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent . . . ." *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979) (quoting *Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 191 (Tex. 1964)). White's unpleaded complaints were not tried by consent and are irrelevant. Therefore, they are not before this court. *See id.* White next complains that he has a deceptive trade practices claim and a complaint about an arrest, but these claims also were unpleaded and not tried by consent, are irrelevant to this tax suit, and are not before this court. *See id.*

White further complains of alleged fraudulent acts by the law firm that represented the Appraisal District in the suit, complains of unreasonable seizures under the Fourth Amendment of the United States Constitution, and claims that the "fruit of the poisonous tree" doctrine applies in this case. To preserve a complaint for appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection, or motion—either expressly or implicitly—or refused to rule and the party objected to the court's refusal. TEX. R. APP. P. 33.1(a).

A pro se litigant is required to properly present his case on appeal, just as he is required to properly present his case to the trial court. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (citing *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck)). In addition, the complaint raised on appeal must be the same as the complaint presented to the trial court. *See Gerdes v. Kennamer*, 155 S.W.3d 523, 532 (Tex. App.—Corpus Christi 2004, pet. denied). Furthermore, a party may not enlarge a ground of error on appeal to include an objection not asserted at trial. *See Pfeffer v. S. Tex. Laborers' Pension Tr. Fund*, 679 S.W.2d 691, 693 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

With respect to the complaints outlined above, White has not preserved them for appeal because he did not object or otherwise bring them to the trial court's attention. TEX. R. APP. P. 33.1(a). In addition, White never raised a "facial challenge" to the Fourth Amendment of the United States Constitution at trial. We note that a facial challenge may not be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). As a result, that issue is not before us. *See* TEX. R. APP. P. 33.1; *see also Karenev*, 281 S.W.3d at 434. However, an "as applied" challenge may be brought during or after a trial on the merits. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). But in this case, White has not briefed an "as applied" challenge. TEX. R. APP. P. 38.1; *see Mathews v. State*, 918 S.W.2d 666, 667 n.2 (Tex. App.—Beaumont 1996, pet. ref'd). In addition, White's briefing on all of these complaints lacks a table of contents, index of authorities, statement regarding oral argument, issues presented, summary of the argument, and arguments that reference relevant parts of the record as well as relevant case law, as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Pro se litigants are held to the same standards as licensed attorneys. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). We also "know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (quoting *Jordan v. Jefferson Cty.*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)). Because White failed to adequately brief these issues, he has waived them. *See* TEX. R. APP. P. 38.1, 38.9; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

5

*B. White's complaints about service of the suit, service of pleadings, and notice of the tax hearing are waived.*

White asserts that he failed to receive service of process for the tax suit, failed to receive the amended petition, and failed to receive notice of the tax hearing, which he claims violated his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, section 19 of the Texas constitution. He also claims that the trial court lacked subject-matter jurisdiction. He argues that the violation of his due process rights requires us to reverse the judgment of the trial court. We disagree.

"A party waives complaints regarding service of process if he makes a general appearance. TEX. R. CIV. P. 120 (providing that entrance of general appearance has same force and effect as if citation has been issued and served as provided by law)." *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied). "A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Id.* (quoting *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam)). When a party personally appears and requests the trial court to take affirmative action on his behalf, the party has generally appeared and waives any complaint as to service. *Id.* (citing *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ)). In addition, the county court at law has subject-matter jurisdiction in this suit because the amount in controversy was within the jurisdictional limits of the court. *See* TEX. TAX CODE ANN. § 33.41(a) (West 2015); *see also State v. Gen. Am. Life Ins. Co.*, 575 S.W.2d 602, 605 (Tex. Civ. App.—Waco 1978, writ dism'd). Because White filed his motion to dismiss and requested affirmative relief from the trial court, he entered a general appearance and has waived any complaints about service of process. The Appraisal District also

pleaded for an amount within the jurisdictional limits of the county court at law, which had jurisdiction over the matter. *See* TEX. GOV'T CODE ANN. § 25.0003 (West Supp. 2017).

In addition, in a suit for delinquent ad valorem taxes, under Rule 117a of the Texas Rules of Civil Procedure, once a citation that complies with the rule has been properly served, the party that served the citation along with any intervening parties who do not serve citation may obtain a judgment for all taxes becoming delinquent before the rendition of the judgment "without the necessity of further . . . notice" to any defendant. TEX. R. CIV. P. 117a(4); *see also Mandel v. Lewisville Indep. Appellees Sch. Dist.*, 499 S.W.3d 65, 74 (Tex. App.—Fort Worth 2016, pet. denied). Rule 117a contemplates that, after a citation is served, the party serving the citation and other parties may plead new claims and seek more onerous relief without further notice. *Mandel*, 499 S.W.3d at 74. Rule 117a explicitly places the burden on a defendant to "take notice of, and plead and answer to, all claims and pleadings then on file *or thereafter filed in said cause by all . . . parties therein*." *Id.* (alteration in original) (quoting TEX. R. CIV. P. 117a(4)). We note that the Appraisal District certified that it had served the amended petition on White in accordance with Rule 21a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 21a. White never complained at trial about a lack of service of the amended petition. *See* TEX. R. APP. P. 33.1. In addition, although he also complained that he did not receive notice of the tax hearing, he admitted on appeal that he received notice of the tax hearing.

White additionally complains that he could not appear because he was incarcerated. Prisoners have a "*reasonable right* of access to the courts." *Bullock v. Drake*, No. 11-98-00231-CV, 1999 WL 33748040, at *1 (Tex. App.—Eastland Dec. 8, 1999, no pet.) (not designated for publication) (quoting *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)). A prison inmate's right to access the courts does not entail the right to appear personally. *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex.

App.—Fort Worth 1989, writ denied); *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ); *see Ballard v. Spradley*, 557 F.2d 476, 480–81 (5th Cir. 1977). "A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

An inmate seeking affirmative relief who cannot appear for trial because of incarceration must move for a continuance. *Brewer*, 737 S.W.2d at 423 (citing *Hobbs v. Hobbs*, 691 S.W.2d 75, 77 (Tex. App.—Dallas 1985, writ dism'd)). A prisoner cannot simply ignore a trial setting with impunity. *Id.* (citing *Essex Int'l Ltd. v. Woods*, 646 S.W.2d 322, 324 (Tex. Civ. App.—Dallas 1983, no writ)). We also note that a court may allow an inmate to appear by telephone, affidavit, or other effective means. *Judd v. Corey-Steele*, No. 11-14-00049-CV, 2015 WL 1779056, at *3 (Tex. App.—Eastland Apr. 16, 2015, pet. denied) (mem. op.); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding). "[T]he term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Judd*, 2015 WL 1779056, at *3 (alteration in original) (quoting *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998)). Here, White never moved for a continuance and never requested to appear in person or by some other means. *See Judd*, 2015 WL 1779056, at *3; *Brewer*, 737 S.W.2d at 423. Because White failed to do those things, he has failed to preserve the complaints for appeal. TEX. R. APP. P. 33.1. We overrule all of White's due process complaints.

*C. White waived his complaint about an alleged Equal Protection Clause violation under the Fourteenth Amendment of the United States Constitution.*

White claims that the trial court and the Appraisal District violated his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution. To assert an equal protection claim, White must establish that he was treated differently than other similarly situated parties and that he was treated differently without a reasonable basis. *See Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Davis v. Tex. Dep't of Criminal Justice*, No. 11-13-00363-CV, 2015 WL 6681219, at *3 (Tex. App.—Eastland Oct. 29, 2015, pet. denied).

White cites no relevant cases or applicable record cites to support his argument. Because White failed to adequately brief these issues, he has waived them. *See* TEX. R. APP. P. 38.1, 38.9; *see also Fredonia State Bank*, 881 S.W.2d at 284. Moreover, White's claim, even if not waived, still fails because he has not advanced any claim supported by evidence. White does not explain how the trial court or the Appraisal District violated his equal protection rights other than to challenge the judgment against him for unpaid taxes. The trial court heard several delinquent tax cases that involved other parties as part of the same tax hearing, and all received the same hearing and review by the trial court. Accordingly, we overrule White's equal protection complaint.

### D. The Appraisal District adduced legally and factually sufficient evidence of delinquent taxes, and White failed to rebut that prima facie case with evidence.

In his brief, White challenges the evidence adduced at trial and claims that he paid his taxes. We construe his complaint as a legal and factual sufficiency challenge. In a legal sufficiency challenge, we review the evidence at trial to determine whether it would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable factfinder could and disregarding any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. We may sustain a no-evidence or legal sufficiency challenge only when (1) the record

discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)). In contrast, in a factual sufficiency challenge, we review the evidence to determine whether the evidence in support of a finding is so weak as to be clearly wrong and unjust or whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

In this case, the Appraisal District asserted that White had not paid his property taxes or the accrued interest and penalties, which totaled $1,634.31. The Appraisal District sued him to collect those amounts. Section 33.47(a) of the Texas Tax Code provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TAX CODE § 33.47(a). The Appraisal District offered, and the trial court admitted, certified copies of tax records for White's property that showed the amount of tax owed for specific periods, including all interest accrued and penalties imposed. These exhibits are prima facie evidence of the delinquent taxes, penalties, and interest due on the properties. *See Reinmiller v. Cty. of Dallas*, 212 S.W.3d 835, 836–37 (Tex. App.—Eastland 2006, pet. denied) (citing *Davis v. City of Austin,* 632 S.W.2d 331, 333 (Tex. 1982); *Phifer v. Nacogdoches Cty. Cent. Appraisal Dist.,* 45

S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied)). After the taxing authority establishes its prima facie case, under Section 33.47(a), the burden shifts to the taxpayer to show, by competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case. TAX § 33.47(a); *Reinmiller*, 212 S.W.3d at 837 (citing *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.)). Once the Appraisal District established its prima facie case, White was required to come forward with evidence that would rebut the presumption. *See Reinmiller*, 212 S.W.3d at 837.

White did not appear in person at the tax hearing or make arrangements to appear via telephone or through some other method to present evidence to rebut the prima facie case. He did not file evidence with the county clerk and did not present evidence at trial that would have challenged the prima facie case. In addition, the documents that White did file with the county clerk are not evidence. *See Rodriquez v. Tex. Farmers Ins. Co.*, 903 S.W.2d 499, 505 (Tex. App.—Amarillo 1995, writ denied) (pleadings are not competent evidence and uncertified copies of pleadings are not evidence). Again, pro se litigants are held to the same standard as licensed attorneys. *Mansfield State Bank*, 573 S.W.2d at 184–85. White, who chose to represent himself, bore the burden to come forward with evidence to challenge the prima facie case adduced by the Appraisal District that he owed property taxes along with interest and penalties, as outlined in the Appraisal District's exhibits. *See Reinmiller*, 212 S.W.3d at 836–37. Having considered White's challenge to the judgment of the trial court, we hold that the Appraisal District adduced legally and factually sufficient evidence of delinquent taxes, interest, and penalties, which White failed to rebut. As a result, the trial court did not abuse its discretion when it entered judgment in favor of the Appraisal District. We overrule White's sufficiency-of-the-evidence complaints.

V.     *This Court's Ruling*

We affirm the judgment of the trial court.

PER CURIAM

December 14, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.