

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00118-CV

IN THE INTEREST OF A CHILD

----------

## FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 325-554472-14

----------

## OPINION

----------

### I. INTRODUCTION

The Mother[1] and Father[2] of Child appeal from the trial court's summary

judgment against them in their bill-of-review proceeding and in favor of Appellee

The Gladney Center for Adoption.  Because Gladney conclusively negated the

---

[1]Pursuant to Texas Rule of Appellate Procedure 9.8(b)(2), we use the terms Mother, Father, and Child to protect the identities of the parties.  *See* Tex. R. App. P. 9.8(b)(2).

[2]Father is not the biological father of Child; while married to Father, Mother gave birth to Child whose biological father is not a party to this appeal.

third element of Mother and Father's bill-of-review proceeding, we will affirm the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2013, Mother and Father both signed affidavits of voluntary relinquishment, relinquishing their parental rights to Child, who was to be placed for adoption through Gladney. Mother and Father also both signed an October 9, 2013 agreed judgment terminating their parental rights to Child. Mother and Father were not mailed a copy of the termination judgment. *See* Tex. Fam. Code Ann. § 161.209 (West 2014) (providing that "[a] copy of an order of termination rendered under Section 161.206 is not required to be mailed to parties"). On October 29, 2013, the trial court signed a nunc pro tunc termination judgment correcting the county of Child's birth.

On March 31, 2014, Mother and Father filed a bill of review, challenging the voluntariness of the affidavits of relinquishment that they had signed. Mother and Father claimed that their signatures on their affidavits of relinquishment were induced by fraud in that the adoptive parents of Child and Gladney led them to believe that the "contact agreement" they had signed with Child's adoptive parents concerning their rights to access of Child would be honored.[3]

Gladney filed a motion to dismiss the bill of review alleging that Mother and Father had failed to exhaust the legal remedies available to them to challenge

---

[3]The "contact agreement" was not included in Mother and Father's summary-judgment evidence.

the termination judgment (i.e., a motion for new trial and appeal) prior to filing their bill of review. A copy of the October 9, 2013 agreed judgment, which was signed by Mother and Father and which terminated their parental rights to Child, was attached to Gladney's motion to dismiss. Based on Mother and Father's arguments at the hearing on Gladney's motion to dismiss, during which they asserted that a motion to dismiss was an improper vehicle and that "[i]ndeed the vehicle[] available . . . to make this sort of challenge [is] . . . a motion for summary judgment," the trial court recharacterized Gladney's motion to dismiss as an "inartfully named" motion for summary judgment. *See* Tex. R. Civ. P. 71. The trial court then gave Mother and Father additional time for discovery and to file a response to Gladney's motion.

In due course, Mother and Father filed a "Response to Motion to Dismiss, Re-Designated as Motion for Summary Judgment," attaching affidavits and summary-judgment evidence and asserting that Mother and Father did not fail to exhaust the legal remedies available to them before filing their bill of review. Mother and Father's response asserted that because they did not possess *actual* notice of entry of the judgment terminating their parental rights to Child, they did not negligently fail to pursue a motion for new trial or an appeal concerning the termination judgment and that "Texas law does not permit Respondent to use a Motion to Dismiss or a Motion for Summary Judgment to attack an alleged pleading deficiency." Following another hearing on Gladney's motion, now

3

recharacterized as a motion for summary judgment, the trial court granted summary judgment for Gladney. Mother and Father raise five issues on appeal.[4]

## III. STANDARD OF REVIEW

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d

---

[4]Mother and Father's five issues are as follows:

1. Whether the trial court erred in rendering the Final Summary Judgment.

2. Whether a Motion for Summary Judgment was a permissible procedural vehicle to attack an alleged pleading insufficiency.

3. Whether genuine issues of material fact precluded a Summary Judgment.

4. Whether the Final Summary Judgment is supported by legally or factually sufficient evidence.

5. Whether premature dismissal of the Bill of Review by Summary Judgment constituted a denial of due process.

4

494, 508 (Tex. 2010), *cert. denied*, 562 U.S. 1180 (2011); *see* Tex. R. Civ. P. 166a(b), (c).

#### IV. THE LAW CONCERNING BILL-OF-REVIEW PROCEEDINGS AND NOTICE OF A JUDGMENT

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on their own part. *Nussbaum v. Builders Bank*, 478 S.W.3d 104, 108 (Tex. App.— Fort Worth 2015, pet. filed) (op. on reh'g).

Generally, a bill of review is available only when a party has exercised due diligence to avail herself of all adequate legal remedies against a former judgment because a party who fails to pursue available legal remedies is at least partially at fault for her inability to raise a meritorious defense under the third required bill-of-review element. *See, e.g., Gold v. Gold*, 145 S.W.3d 212, 214

(Tex. 2004) (stating that "[i]f a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence" precluding a party's pursuit of a bill of review); *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) ("A party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review."); *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (stating that if a party permits a judgment to become final by failing to invoke his right of appeal, then that party is precluded from proceeding on a bill of review unless the party shows a good excuse for the failure to exhaust adequate legal remedies). If the complainant had legal remedies that were ignored, relief by bill of review is unavailable. *Wembley Inv. Co.*, 11 S.W.3d at 927; *accord Ferrice v. Legacy Ins. Agency, Inc.*, No. 02-05-00363-CV, 2006 WL 1714535, at *3 (Tex. App.—Fort Worth June 22, 2006, pet. denied) (mem. op.).

A bill-of-review plaintiff asserting lack of notice of the judgment entered against her still ultimately bears the burden under the third bill-of-review element of proving that her failure to file a motion for new trial or appeal was not due to any fault or negligence of her own. *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974). In *Petro-Chemical Transport, Inc.*, the plaintiff and the defendant tried the case to a jury, and the jury returned a verdict for the plaintiff. *Id.* at 242. The plaintiff submitted a proposed judgment for entry by the trial court, and it was signed without notice to the defendant. *Id.* Additionally, the trial court clerk failed to mail notice to the defendant that the trial court had

6

signed the judgment. *Id.* Neither the defendant nor his attorney learned of the entry of judgment until after expiration of the time to file a motion for new trial or a notice of appeal. *Id.* After the trial court granted the bill of review, the case proceeded to the supreme court; the supreme court specifically addressed whether the bill-of-review plaintiff (the defendant below) was required to show that his failure to file a motion for new trial or an appeal was not due to any fault or negligence of his own. *Id.* at 243. The supreme court stated:

> We agree with the Court of Civil Appeals that defendant had the burden of showing that its failure to file a motion for new trial or appeal was not due to any fault or negligence on the part of defendant or its counsel. *See McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 [(1961)]. As pointed out in *Kelly v. Wright*, 144 Tex. 114, 118 S.W.2d 983 [(1945)]:
>
>> No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence[,] or mistake either of the party seeking relief or his counsel.

*Id.* at 246.

## V. ANALYSIS

### A. The Substance of Gladney's Motion

Confusion exists in Mother and Father's briefing concerning the trial court's decision to recharacterize Gladney's motion to dismiss as a motion for summary judgment. Gladney's motion to dismiss was based solely on the ground that Mother and Father had signed an agreed judgment terminating their parental rights and were, consequently, aware "that rendition of the judgment was

7

imminent." Gladney's motion argued that because Mother and Father failed, despite their agreement to the termination judgment and their knowledge of its imminent rendition, to pursue the legal remedies of filing a motion for new trial or a notice of appeal, they could not as a matter of law establish the third bill-of-review element—that they were prevented from asserting a meritorious defense in the termination case *due to no negligence on their part*. The October 9, 2013 agreed termination judgment was attached to Gladney's motion to dismiss.

In an apparent concession to Mother and Father's argument that the proper vehicle for Gladney to use to raise this argument was a motion for summary judgment, the trial court recharacterized Gladney's motion as a motion for summary judgment on the third bill-of-review element—whether Mother and Father's failure to pursue the legal remedies of a motion for new trial or an appeal in the termination case was *due to no negligence on their part*. Mother and Father's subsequently-filed response, and the summary-judgment evidence attached thereto, join issue on this point—Mother's summary-judgment affidavit and Mother and Father's summary-judgment evidence focus on the issue of whether Mother and Father knew of the termination judgment and nonetheless failed to pursue the legal remedies available to them.

Because the substance of Gladney's motion asserted that—based on the agreed termination judgment signed by Mother and Father—Mother and Father could not satisfy the third bill-of-review element and because justice required such a recharacterization in light of Mother and Father's contention that summary

8

judgment was in fact the proper vehicle for Gladney to use, the trial court correctly recharacterized Gladney's motion as a motion for summary judgment.[5] *See* Tex. R. Civ. P. 71 (explaining that nature of pleading is determined by its substance and mandating recharacterization dictated by pleading's substance when justice so requires), 166a(b), (c); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (construing prejudgment motion for JNOV that also prayed for a new trial as premature postjudgment motion that extended appellate timetable); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (construing motion titled motion for summary judgment as a motion for statutory interlocutory order); *see also Davis v. Canyon Creek Estates Homeowners Ass'n*, 350 S.W.3d 301, 308 (Tex. App.—San Antonio 2011, pet. denied) (holding substance of motion for summary judgment determines whether motion is traditional or no-evidence motion, not title); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied) (same).

We overrule Mother and Father's second issue claiming that Gladney's motion for summary judgment was based on a pleading defect. *See, e.g.*, *Nussbaum*, 478 S.W.3d at 109–10 (addressing summary judgment granted in bill-of-review proceeding on third bill-of-review element).

---

[5]Our holding that the trial court here correctly recharacterized Gladney's motion is expressly limited to the specific facts before us.

9

## B. Summary Judgment for Gladney Was Proper

We view all of the summary-judgment evidence in the light most favorable to nonmovants Mother and Father to determine whether a genuine issue of material fact exists on the third bill-of-review element—that Mother and Father's failure to pursue the legal remedies of a motion for new trial or an appeal was not due to any fault or negligence on their part but was caused by their lack of actual notice of the entry of the agreed judgment terminating their parental rights.[6] The termination judgment attached to Gladney's motion established that Mother and Father knew of the content of the termination judgment because they signed it. Mother's counsel explained that Mother had learned the "contact agreement" was not legally enforceable one hour prior to signing her affidavit of voluntary relinquishment. Mother's eleven-page summary-judgment affidavit established that she and Father knew that the judgment terminating their rights had been signed because the adoptive parents took possession of Child. Mother and Father nonetheless continued their efforts to see Child, and the adoptive parents became more and more resistant. Mother's affidavit explains that within eleven days of the September 17, 2013 signing of the "legal documents," the adoptive

---

[6]Because we hold that the summary-judgment evidence conclusively establishes that Mother and Father failed to pursue legal remedies available to them to assert the meritorious defense they allege that they possess to the agreed termination judgment, we need not include in our analysis the statutory fact that Mother and Father were not entitled to a mailed copy of the termination judgment. *See* Tex. Fam. Code Ann. § 161.209.

parents traveled to Austin "to wait out the ICPC[7] period instead of staying in Fort Worth where we could visit." Mother's affidavit states, "The reason we did not file motions sooner was the adoptive parents themselves. They were still allowing some contact, but not as much as we had been led to believe. We didn't want to lose the little bit that we were getting."

The summary-judgment evidence viewed in the light most favorable to Mother and Father establishes that Mother and Father were aware (within eleven days of September 17, 2013)—which was prior to the trial court's entry of the agreed termination judgment and was during the time period for filing a motion for new trial—of the existence of the facts they now assert fraudulently induced them into signing voluntary-relinquishment-of-parental-rights affidavits and that they chose not to pursue legal remedies. Mother and Father chose not to pursue the legal remedies of a motion for new trial or an appeal not because they were unaware of the termination judgment but because they feared jeopardizing their contact with Child.[8] Awareness of a legal remedy and a decision not to pursue it precludes subsequent equitable relief through a bill of review. *See, e.g.*, *Gold*, 145 S.W.3d at 214; *Wembley Inv. Co.*, 11 S.W.3d at 927; *French*, 424 S.W.2d at

---

[7]The Interstate Compact on the Placement of Children is applicable here because Child's adoptive parents are from Maryland.

[8]We need not, and do not, reach the issue of whether Mother and Father possess a meritorious defense to the termination of their parental rights, that being that their affidavits of voluntary relinquishment were induced by promises of continued contact with the Child. *See* Tex. R. App. P. 47.1.

11

895; *Ferrice*, 2006 WL 1714535, at *3. Likewise, awareness of a legal remedy and a decision to wait to delay pursuing it does not constitute a good excuse for the failure to purse it. *See, e.g.*, *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 317 n.2 (Tex. App.—Fort Worth, 2015, no pet.) (collecting cases in which articulated reason for failure to timely file notice of appeal did not constitute reasonable explanation).

Because the trial court did not err by granting summary judgment for Gladney on the ground that Gladney had conclusively negated the third element of Mother and Father's bill-of-review proceeding, we overrule Mother and Father's first, third, fourth, and fifth issues.[9]

## VI. CONCLUSION

Having overruled each of Mother and Father's issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and SUDDERTH, JJ.

SUDDERTH, J., filed a concurring opinion.

---

[9]The affidavit-of-relinquishment cases cited by Mother and Father are not controlling. They do not address the issue of failure to exhaust legal remedies by a bill-of-review plaintiff. *See Rogers v. Searle*, 544 S.W.2d 114, 115 (Tex. 1976) (issue was extrinsic fraud); *Queen v. Goeddertz*, 48 S.W.3d 928, 931 (Tex. App.—Beaumont 2001, no pet.) (issue was meritorious defense); *Vela v. Marywood*, 17 S.W.3d 750, 758–62 (Tex. App.—Austin 2000) (involving direct appeal from termination judgment), *pet. denied*, 53 S.W.3d 684 (Tex. 2001).

DELIVERED:  April 7, 2016