

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00222-CV

ROSS MANDEL AND LEA MANDEL                                    APPELLANTS

V.

LEWISVILLE INDEPENDENT                                           APPELLEES
SCHOOL DISTRICT, COUNTY OF
DENTON, CITY OF PLANO, AND
CLAUSSNER HOLDINGS, LLC

-----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2013-70534-431

----------

## OPINION

----------

This is an appeal from a denial of a bill of review.[1]  In one issue that

contains several supporting arguments, appellants Ross Mandel and Lea Mandel

contend that the trial court's November 2012 default judgment against them

violated their right to due process and that the trial court therefore erred by

---

[1]*See* Tex. R. Civ. P. 329b(f).

granting the summary judgment motions filed in the bill of review proceeding by appellees Lewisville Independent School District (Lewisville ISD), County of Denton (Denton County), City of Plano (Plano), and Claussner Holdings, LLC (Claussner). We affirm.

## Background Facts

In a prior, restricted appeal that involved all of the same parties at issue here (other than Claussner), we affirmed the trial court's default judgment against appellants for delinquent ad valorem taxes on their Plano residence.[2] We set out the chronology of events between the parties as follows:

> On July 29, 2011, Lewisville ISD filed its original petition against the Mandels . . . for payment of delinquent 2010 property taxes on the Mandels' home. Lea Mandel was served by personal service of process on August 5, 2011. Ross Mandel was served by personal service of process on August 16, 2011. The Mandels did not answer. . . . While the case was pending, at some point in the following months, [a lienholder] paid the delinquent 2010 taxes.
>
> Lewisville ISD filed its first amended original petition on June 7, 2012, eliminating its cause of action for 2010 taxes and alleging that the Mandels were delinquent on their 2011 taxes. Lewisville ISD's certificate of service appended to its amended petition stated that it served the Mandels with a copy of the amended petition pursuant to Texas Rule of Civil Procedure 21a.[3] The Mandels did

---

[2]See *Mandel v. Lewisville ISD*, 445 S.W.3d 469, 485 (Tex. App.—Fort Worth 2014, pet. denied).

[3]The Mandels disputed in this bill of review proceeding whether service of the amended petition under rule 21a was accomplished. *See* Tex. R. Civ. P. 21a (stating that notices required to be served, other than the citation, may be served in various ways, including in person, by mail, or by e-mail). Appellees contend, in part, that Texas law did not require service of the amended petition under rule 21a.

not answer. . . . On November 2, 2012, [Plano] intervened. On November 13, 2012, [Denton County] intervened. [Plano] and [Denton County] each sought to recover delinquent 2011 property taxes owed by the Mandels.

On November 15, 2012, the case was called to trial. The Mandels did not appear. . . . On the same date, the trial court signed a final default judgment against the Mandels . . . for the amounts owed to Lewisville ISD, [Plano], and [Denton County] for the delinquent 2011 taxes, including penalties and interest until paid. The judgment also ordered foreclosure of the tax liens on the property, issuance of an order of public sale of the property, payment to the taxing entities of the amounts owed from the proceeds, and issuance of a writ of possession to the purchaser of the property at the sale.

On November 16, 2012, the Denton County District Clerk mailed a notice of the judgment to each of the Mandels, as well as a billing statement for the court costs. On January 4, 2013, the Denton County District Clerk issued an order of sale for foreclosure of the tax liens and for court costs recovered in the default judgment. The Denton County Sheriff published notice of the sale and on March 13, 2013, mailed a copy of the notice to the Mandels. The property was sold at a sheriff's sale on the Denton County Courthouse steps to Claussner on April 2, 2013.[4]

In the restricted appeal, appellants argued that (1) the citation by which Ross was served with Lewisville ISD's original petition did not strictly comply with certain rules of civil procedure, (2) Lewisville ISD was required to serve them with a new citation when it filed its amended petition because the amended petition asserted a new cause of action for a different tax year, (3) Plano and Denton County were required to (and failed to) serve appellants with citation when they intervened, and (4) they were denied due process because they did not receive

---

[4] *Mandel*, 445 S.W.3d at 472–73.

adequate notice of the order of sale of the property.[5] We rejected each of these arguments.[6]

Before we issued our decision in the restricted appeal, appellants filed a petition for bill of review in the trial court, contending that the November 2012 default judgment is void. They argued that rule of civil procedure 21a required Lewisville ISD to serve its amended petition on them and that Lewisville ISD did not do so. They raised the same contention with respect to the intervention petitions filed by Plano and Denton County. Finally, they contended that the resulting sheriff's sale of the home was improper because the default judgment was taken without proper service and was therefore allegedly void.

Appellees filed answers to the petition for bill of review. Appellants amended the petition; they again contended that their right to due process had been violated because they had not been served under rule 21a with Lewisville ISD's amended petition or the intervention petitions filed by Plano and Denton County. They contended that the November 2012 judgment was obtained in violation of their due process rights "because they were not served with the pleadings upon which the default judgment was based."

All parties sought summary judgment. Appellants argued that they were not served with Lewisville ISD's amended petition or the other taxing entities'

---

[5]*Id.* at 474–85.

[6]*See id.* at 485.

intervention petitions under rule 21a and that those petitions asserted a new cause of action and sought more onerous relief than Lewisville ISD's original petition. Appellants contended, "Due process does not permit a default judgment on a claim never served on the defendants. As such, this Court should . . . set aside the default judgment." Appellants attached a declaration to their motion in which Ross stated that neither he nor Lea received Lewisville ISD's amended petition or the intervention petitions filed by Denton County and Plano. They also contended that Lewisville ISD had admitted that it had not served the amended petition upon appellants.[7] They contended that when taxing entities are on notice that service has not been received by a citizen, the entities have a due process obligation to take "additional steps to provide citizens notice before taking their property." Finally, they argued that because they did not receive constitutionally adequate notice of the taxing entities' claims for the 2011 taxes, they were not required to prove traditional bill-of-review elements, including that they had a meritorious claim or defense.

Claussner argued that appellants' claim seeking to void the sheriff's sale of the property, which was conducted in accordance with the trial court's order of sale, was legally unsupported even if they prevailed in setting aside the default

---

[7]In a response to an interrogatory in discovery, Lewisville ISD stated that it sent the amended petition to appellants by certified mail but that the certified mail was returned as unclaimed. Lewisville ISD admitted that it knew that appellants had not received the amended petition when Lewisville ISD sought the default judgment against them.

judgment. Claussner contended that appellants' only recourse, if any, was "against the Taxing Authorities." It argued, "Even if this Court were to set aside the Default Judgment (which it cannot and should not), this Court may not set aside the tax sale to Claussner."

Lewisville ISD asserted, among other arguments, that appellants were not entitled to a bill of review because they did not have a meritorious defense to the delinquency of the 2011 taxes and because they were not legally entitled to receive a copy of Lewisville ISD's amended petition. With respect to the latter argument, Lewisville ISD asserted that rule of civil procedure 117a[8] negated any need for service of the amended petition upon appellants under rule 21a. Lewisville ISD contended, "Property owners have a legal duty to know whether or not the taxes assessed on their property have been paid and this is especially true when suit has been filed to collect delinquent taxes assessed on their property. This necessarily includes taxes becoming delinquent after a lawsuit has been filed."

Denton County adopted Lewisville ISD's summary judgment motion. The county also contended that it was not required to serve appellants with its intervention petition. The county argued that this court resolved that exact argument against appellants in the restricted appeal; thus, the county asserted that the doctrines of res judicata and law of the case precluded appellants'

---

[8] *See* Tex. R. Civ. P. 117a.

6

petition for bill of review. Plano adopted Denton County's and Lewisville ISD's summary judgment motions and contended that the procedures for service in a tax suit created by rule 117a satisfied due process.

The trial court granted the summary judgment motions filed by appellees and denied appellants' motion. The court ordered that the "default judgment for [Lewisville ISD], [Denton County], and [Plano] . . . entered on November 15, 2012 is hereby SUSTAINED/AFFIRMED." Appellants brought this appeal.

## Rule 117a and Due Process

In one issue that contains several supporting arguments, appellants contend that the November 2012 default judgment violated due process and that the trial court therefore erred by granting summary judgment for appellees and by denying appellants' petition for bill of review. In a summary judgment case, the issue on appeal is whether the movant established that no genuine issue of material fact existed and that the movant was entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see also Shackelford v. Cartercopters, LLC*, No. 02-10-00414-CV, 2011 WL 3835638, at *2 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.) ("The review of a grant of summary judgment on a petition for bill of review is the same standard of review as for grants of summary judgment in other types of cases."). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A defendant who conclusively negates at least one essential

element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, 562 U.S. 1180 (2011). When multiple parties move for summary judgment and the trial court grants one motion while denying another, we review the parties' summary judgment evidence and determine all questions presented. *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 709 (Tex. App.—Fort Worth 2013, no pet.).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *see In re Child*, No. 02-15-00118-CV, 2016 WL 1403320, at *2 (Tex. App.—Fort Worth Apr. 7, 2016, no pet. h.). It is brought as a separate suit from the case in which the challenged judgment was rendered. *Morris v. O'Neal*, 464 S.W.3d 801, 805 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Generally, to be entitled to relief, a bill of review petitioner must plead and prove three elements: (1) the petitioner has a meritorious defense to the underlying cause of action; (2) the petitioner was prevented from making that defense by the fraud, accident, or wrongful act of the opposing party, or because of official mistake; and (3) these actions were unmixed with any fault or negligence on the part of the petitioner. *Child*, 2016 WL 1403320, at *2. When a

8

bill of review is premised on an alleged lack of service of process or notice, such as where the petitioner is seeking to set aside a default judgment, the petitioner is relieved of having to prove the first two elements. *Morris*, 464 S.W.3d at 805 n.1; *see Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied) ("[W]hen a defendant does not receive notice of a lawsuit, the defendant is relieved of its burden to prove that fraud, accident, or wrongful act prevented it from making its defense.").

The connecting thread of appellants' arguments is their contention that rule 21a required Lewisville ISD to serve its amended petition on them and required Denton County and Plano to serve their intervention pleadings on them. Appellants argue that because the amended petition and intervention pleadings were not served, the default judgment violates their right to due process and is void. Appellees argue, in part, that rule 117a negated any need for the service of the amended petition or the intervention petitions under rule 21a and that rule 117a complies with due process.

Rule 21a states that every "notice *required* by [the rules of civil procedure], and every pleading . . . required to be served under Rule 21,[9] other than the

---

[9]Rule 21 states in part,

Every pleading . . . must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

9

citation to be served upon the filing of a cause of action[,] . . . may be served by delivering a copy to the party to be served." Tex. R. Civ. P. 21a(a) (emphasis added). Notices and pleadings covered by rule 21a may be served electronically, in person, by mail, or by e-mail, among other means. *Id.*; *see also In re E.A.*, 287 S.W.3d 1, 2 (Tex. 2009) (explaining that the service requirement and methods contained in rule 21a generally apply to "all pleadings and court papers except the original petition"). Generally, when a defendant has been served with an original petition by citation, the rules of civil procedure require the service of an amended petition, without citation, when the amended petition seeks a more onerous judgment[10] than prayed for in the original pleading. *E.A.*, 287 S.W.3d at 3–5; *Mandel*, 445 S.W.3d at 478 (stating that "service under rule 21a suffices to satisfy the requirement of service of an amended petition asserting a new cause of action as well as one that seeks more onerous relief"); *Garduza v. Castillo*, No. 05-13-00377-CV, 2014 WL 2921650, at *2 (Tex. App.— Dallas June 25, 2014, no pet.) (mem. op.) ("The issuance and service of citation is only required for an original petition. Thereafter neither issuance [nor] service of citation is required for subsequently amended petitions, just service pursuant

Tex. R. Civ. P. 21(a).

[10]The parties dispute whether Lewisville ISD's amended petition requested more onerous relief than its original petition. Appellants contend that the amended petition sought more onerous relief because it added a new cause of action for a different tax year (2011 instead of 2010) and alleged greater liability than the original petition. For the reasons stated below, we need not resolve that issue.

to rule 21a of each amended petition that requests more onerous relief." (citation omitted)). Failure to serve such an amended petition generally renders any default judgment granted on the amended petition void. *See Pride v. Williams*, No. 05-11-01189-CV, 2013 WL 3788627, at \*2 (Tex. App.—Dallas July 17, 2013, no pet.) (mem. op.); *Olive Tree Apartments v. Trevino*, No. 04-09-00740-CV, 2010 WL 1817797, at \*2 (Tex. App.—San Antonio May 5, 2010, no pet.) (mem. op.).

Rule 117a applies to suits for collection of delinquent ad valorem taxes, like this case. *See* Tex. R. Civ. P. 117a ("In all suits for collection of delinquent ad valorem taxes, the rules of civil procedure governing issuance and service of citation shall control the issuance and service of citation therein, except as herein otherwise specially provided."). Rule 117a explicitly relates to "citation" in tax suits but contains language that more generally applies to the notice of pleadings, including pleadings filed after the original petition, required in such suits. *See id.* The rule provides that a citation in a tax suit must state

> that in addition to the taxes all interest, penalties, and costs allowed by law *up to and including the day of judgment are included in the suit*; and that all parties to the suit, including plaintiff, defendants, and intervenors, *shall take notice that claims for any taxes on said property becoming delinquent subsequent to the filing of the suit and up to the day of judgment, together with all interest, penalties, and costs allowed by law thereon, may, upon requests therefor, be recovered therein without further citation or notice to any parties thereto.* Such citation need not be accompanied by a copy of plaintiff's petition and no such copy need be served. Such citation shall also show the names of all taxing units which assess and collect taxes on said property not made parties to such suit, and *shall contain, in substance, a recitation that each party to such suit*

11

*shall take notice of, and plead and answer to, all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, or who may intervene therein and set up their respective tax claims against said property.* After citation or notice has been given on behalf of any plaintiff or intervenor taxing unit, the court shall have jurisdiction to hear and determine the tax claims of all taxing units who are parties plaintiff, intervenor or defendant at the time such process is issued *and of all taxing units intervening after such process is issued, not only for the taxes, interest, penalties, and costs which may be due on said property at the time the suit is filed, but those becoming delinquent thereon at any time thereafter up to and including the day of judgment, without the necessity of further citation or notice to any party to said suit*; and any taxing unit having a tax claim against said property may, by answer or intervention, set up and have determined its tax claim *without the necessity of further citation or notice to any parties to such suit.*

Tex. R. Civ. P. 117a(4) (emphasis added). The rule also provides a form for

citation by personal service in tax suits, and the form includes the following

language:

All parties to this suit, including plaintiff, defendants, and intervenors, shall take notice that claims not only for any taxes which were delinquent on said property at the time this suit was filed *but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment*, including all interest, penalties, and costs allowed by law thereon, *may, upon request therefor, be recovered herein without further citation or notice to any parties herein*, and *all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause* by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said property.

Tex. R. Civ. P. 117a(6).

Lewisville ISD's original petition, filed in July 2011, stated,

All the parties of this suit, including Plaintiff, Defendant(s) and Intervenor(s), shall take notice that claims for any and all taxes

becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of Judgment, may upon request therefore be recovered herein without further Citation or Notice, and that such claims for such delinquent taxes shall include all penalties, interest[,] and costs allowed by law.

Similar language appeared on the citation that accompanied Lewisville ISD's original petition. In accordance with rule 117a(6), the citation stated,

> All parties to this suit, including Plaintiff, Defendant(s), and Intervenors, shall take notice that claims not only for any taxes which were delinquent on said property at the time this suit was filed but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment, including all interest, penalties, and costs allowed by law thereon, may upon request therefor, be recovered herein without further citation or notice to any parties herein, and all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said property.[11]

*See id.*

In resolving the restricted appeal, we relied on rule 117a to hold that Denton County and Plano were not required to serve appellants with citation when those entities filed their intervention petitions. *See Mandel*, 445 S.W.3d at 480–81; *see also Stoker v. City of Fort Worth*, No. 02-08-00103-CV, 2009 WL 2138951, at *3 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.) ("In a suit to collect delinquent taxes due on property, any taxing unit having a tax claim

---

[11]At the 2012 hearing in which the trial court granted the default judgment, in response to an argument made by the lienholder, the court stated, "[I]t would seem to me that the parties were put on notice of the taxing [authorities'] intent to seek payment of past due taxes as well as future taxes if they happen to become due and owing prior to the time that a judgment's entered . . . ."

13

against the property may intervene and have its tax claim determined without the necessity of further citation or notice to any parties to the suit."). We explained, "In essence, rule 117a(4) means that taxing units named in a citation as having claims for delinquent taxes on particular property, but not parties to the tax suit, may later join the suit without further service of process *or notice.*" *Mandel*, 445 S.W.3d at 482 (emphasis added). We concluded that as applied in this manner, rule 117a did not violate due process because the citation that appellants received provided them with

> sufficient notice that they were being sued by Lewisville ISD for delinquent ad valorem taxes on real property located at a specific address. By naming both the City and the County, which later intervened, the citation served with Lewisville ISD's original petition gave the Mandels all the notice to which they were entitled and gave them the opportunity to appear and defend the suit. Nothing in the record before us intimates that they were misled or placed at a disadvantage by the citation and pleadings.

*Id.* However, we did not directly answer the question presented here, which is whether rule 21a, rather than rules relating to the service of citation, required service of the amended pleading or the intervention petitions upon appellants or whether, instead, rule 117a negated that requirement.[12]

---

[12]Instead, we appeared to assume, without explicitly deciding, that rule 21a applied and held that there was no error on the face of the record under rule 21a because Lewisville ISD's amended petition recited that it was served by certified mail. *Mandel*, 445 S.W.3d at 479–80. In other words, we concluded that service under rule 21a was adequate on the face of the record in the restricted appeal, but we did not explicitly hold that service was necessary when considering the effect of rule 117a. *See id.* Contrary to appellants' argument on appeal, we cannot conclude that service of Lewisville ISD's amended petition was legally

14

We apply rules of civil procedure in accordance with their plain language. *Simulis, L.L.C. v. G.E. Capital Corp.*, 276 S.W.3d 109, 113 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Burrhus v. M&S Supply, Inc.*, 933 S.W.2d 635, 640 (Tex. App.—San Antonio 1996, writ denied) ("[R]ules that are specific and clear are given their plain meaning unless a literal interpretation would produce an absurd result or defeat the intent of the enacting body."). The plain language of rule 117a signifies that in a suit for delinquent taxes, once a citation complying with the rule has been properly served, the party serving the citation along with intervening parties who do not serve citation may obtain a judgment for all taxes becoming delinquent before the rendition of the judgment "without further . . . notice" to any defendant. Tex. R. Civ. P. 117a(4). In other words, the rule contemplates that after a citation is served, the party serving the citation and other parties may plead new claims and seek more onerous relief without further notice. *See id.* The rule expressly provides that no copy of the plaintiff's petition need be served and explicitly places the burden on a defendant to "take notice of, and plead and answer to, all claims and pleadings then on file *or thereafter filed in said cause by all . . . parties therein.*" *Id.* (emphasis added). The rule requires the citation to inform the defendant of this burden to respond to all pleadings on file at the time of the citation's service or filed in the future, and the citations served on Ross and Lea in this case did so. Tex. R. Civ. P. 117a(6);

necessary simply because Lewisville ISD attempted to serve the amended petition.

15

*see also* Tex. Tax Code Ann. § 33.45 (West 2015) (stating that a party in a suit for tax delinquency must "take notice of and plead and answer to all claims and pleadings filed by other parties that have been joined or have intervened, and each citation must so state").

Thus, the rules of civil procedure, which generally require the service of notice and pleadings, and rule 117a, which expressly negates the requirement of serving notice or pleadings in tax suits following the service of the citation, conflict.  *See* Tex. R. Civ. P. 21(a), 21a(a), 117a(4).  We conclude that rule 117a, which is the more specific rule, prevails in tax suits to the extent of the conflict.  *See* Tex. Gov't Code Ann. § 311.026(b) (West 2013); *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015) (orig. proceeding) ("[C]onflicts between general and specific provisions favor the specific, and when the literal terms of the two provisions cannot both be true, the terms of the specific provision ordinarily will prevail.").

For these reasons, under the prevailing language of rule 117a, we must reject appellants' principal contention, which is that rule 21a required Lewisville ISD to serve its amended petition on appellants.  We hold that no such service was required under the unambiguous language of rule 117a.

Appellants also argue, however, that due process required service of the amended petition even if rule 117a did not.  They argue that rules of civil procedure cannot foreclose federal and state constitutional attacks by parties deprived of constitutionally adequate notice.

16

Due process generally requires service of an amended pleading seeking a more onerous judgment. *See E.A.*, 287 S.W.3d at 5–6. But the supreme court's decision in *Mexia Independent School District v. City of Mexia* leads us to conclude that the notice provided by rule 117a is constitutionally adequate without the necessity of service of amended or intervening pleadings. 134 Tex. 95, 133 S.W.2d 118 (1939). There, the supreme court examined the statute that preceded rule 117a. *Id.* at 96, 133 S.W.2d at 119; *see Mandel*, 445 S.W.3d at 481 (comparing rule 117a with the former statute). The factual background of the case involved an action by the City of Mexia against a debtor, A.N. Pigford, for delinquent taxes. *Mexia ISD*, 134 Tex. at 98, 133 S.W.2d at 120. Mexia ISD intervened and also sought a delinquency judgment against Pigford but did not serve Pigford with citation. *Id.* According to the former statute (like rule 117a), the citation from the city's original petition notified Pigford that other taxing units had been made parties and that Pigford should "take notice of, and plead and answer to, all claims and pleadings now on file and hereafter filed." *Id.* The city contended that the former statute was unconstitutional, but the supreme court disagreed, stating,

> The Act in question undertakes to require all parties to take notice of all subsequent pleadings filed in the suit *and it is contended by appellee that it is unconstitutional, because, if followed, it would deprive Pigford of his property without due process of law*, in that it would permit an impleaded taxing unit to file a [cross-action] and recover judgment against Pigford for foreclosure of its lien without any citation to him thereon. The general rule is that the legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice

17

prescribed must conform to the requirement of due process of law. The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests. The statute in question applies only to a particular class of suits—that is, suits brought by taxing units to foreclose tax liens on property. The citation served on the defendant must disclose to him the nature of the suit. He is charged with knowledge of the law and therefore must know from the nature of the suit that there is a possibility of cross-actions by others. In other words, he is notified that an effort will be made to sell the particular piece of property for taxes and that all other defendants in the suit, as well as taxing units not parties thereto, who have an interest in the property have been invited to present their claims and to participate in the sale. *Section 4 of the Act requires that the citation contain a recitation calling his attention to the fact that he is [required] to take notice of all pleadings then on file and such as may thereafter be filed by any and all parties.* It is a [well-recognized] rule that a defendant who has once entered his appearance in a cause is charged with notice of all amendments thereafter filed, including pleas of intervention and cross-actions by other defendants. If a defendant, merely because he has entered his appearance in an ordinary suit, can be required to take notice of all subsequent pleadings, interventions and cross-actions by the public generally, *we see no reason why in a particular class of suits a defendant, who has been served with citation that specifically warned him of the necessity of taking notice of subsequent pleadings, cannot be required to take notice of cross-actions of a particular kind by a particular class of claimants. We think the notice required by the statute affords all defendants a fair opportunity to be heard and therefore it does not violate the due process clause of our Constitution.*

*Id.* at 100–02, 133 S.W.2d at 121–22 (emphasis added) (citations omitted).

More recently, an intermediate court of appeals held that a citation complying with rule 117a comports with due process because such a citation gives a defendant notice of the claim for a tax deficiency and a fair opportunity to contest the claim. *Conseco Fin. Servicing v. Klein ISD*, 78 S.W.3d 666, 675–76 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see Sgitcovich v. Sgitcovich*, 150

18

Tex. 398, 404, 241 S.W.2d 142, 146 (1951) ("The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests."), *cert. denied*, 342 U.S. 903 (1952).

We conclude that the citations served on appellants satisfied due process, without the need of service of the amended or intervening pleadings, because the citations notified appellants of the potential for future tax delinquencies sought by Lewisville ISD, Denton County, or Plano; instructed them to remain apprised of those potential claims; and gave them a fair opportunity to defend against the claims. *See Mexia ISD*, 134 Tex. at 100–02, 133 S.W.2d at 121–22; *Conseco Fin. Servicing*, 78 S.W.3d at 675–76. Although appellants contend that they were not "fairly put on notice that a judgment might result for another tax year without some kind of notice before the . . . default judgment,"[13] the citations provided them with this exact notice, informing them that the taxing units were seeking taxes "delinquent on said property at the time this suit was filed [and] all taxes becoming delinquent thereon at any time thereafter up to the day of judgment . . . without further citation or notice." And as explained above, the citations received by appellants informed them that they were to take notice of all

---

[13]Appellants rely, in part, on a letter they received informing them that the 2010 taxes had been paid. But that letter also informed appellants that the lawsuit remained pending and would not be dismissed until "**all school taxes**, court costs, and abstract fees [were] paid." The letter stated, "Please be advised that the District may take judgment for any unpaid school taxes, court costs[,] and abstract fees that remain unpaid without further notice to you."

current and future pleadings.  Nonetheless, the record does not indicate that appellants appeared in the lawsuit prior to the date of the default judgment.

In their argument concerning due process, appellants rely on the Supreme Court's decision in *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708 (2006). There, the Court stated that before a state may take property and sell it for unpaid taxes, due process requires the state to provide the owner notice and opportunity for hearing appropriate to the nature of the case.  *Id.* at 223, 126 S. Ct. at 1712.  The Court held that such due process had not been provided to the owner because he first learned of the allegation of a tax delinquency on the property after the property had been sold and because attempts to notify him by certified mail had been returned as unclaimed.  *Id.* at 223–24, 239, 126 S. Ct. at 1712–13, 1721.  This case is distinguishable from *Jones* because here, before the trial court's judgment and before the sale of the property, appellants received notice that suit had been filed for delinquent taxes and that recovery in the suit could include any taxes that were delinquent on the day of the judgment.  *See Mandel*, 445 S.W.3d at 483 (distinguishing *Jones* on the ground that the sale "of the Mandels' home in this case was . . . with the protections afforded by service of citation on the Mandels, providing notice and an opportunity to appear in court for a meaningful hearing before the final judgment ordering sale of their home for payment of the delinquent taxes").

For all of these reasons, we hold that under rule 117a, appellants were not entitled to service under rule 21a (or otherwise) of Lewisville ISD's amended

petition or the other entities' intervention pleadings, and we also hold that the provisions within rule 117a do not violate due process facially or as applied.[14] We conclude that the trial court did not err by granting summary judgment for appellees[15] and by denying appellants' petition for bill of review. We overrule appellants' sole issue.

## Conclusion

Having overruled appellants' only issue, we affirm the trial court's final summary judgment denying appellants' petition for bill of review.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED: June 30, 2016

---

[14]In light of these related holdings, we conclude that we need not address other arguments, which concern issues such as whether setting aside the judgment would require setting aside the sale of the property, whether appellants' bill of review could be defeated by certain defenses raised by appellees, or whether the trial court erred by excluding certain summary judgment evidence. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *QuikTrip Corp. v. Goodwin*, 449 S.W.3d 665, 677 n.19 (Tex. App.—Fort Worth 2014, pet. denied).

[15]Appellants argued that Claussner had no standing to move for summary judgment because "no claims were asserted against it." We disagree because appellants explicitly sued Claussner and asked the trial court to void the deed to Claussner. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (explaining that the "issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome").

21